Vernon H. BOYLES and Paul A. Wagner, Appellants,

v.

Marlin D. SMITH, Appellee.

No. S–2031.

Supreme Court of Alaska.

July 22, 1988.

and, although the underlying transaction may have been usurious, his clients did not disclose to him the true nature of that transaction.

The jury found in favor of Smith. Boyles and Wagner appeal. We find no reversible error.

### I.

Bonanza Mining Company sought a $100,000 loan to finance its 1981 mining season. Bonanza was willing to pay $60,000 in interest at the end of the mining season. Boyles and Wagner agreed to make the loan. Boyles, Wagner and Bonanza decided that $10,000 of the interest would be paid in cash, while $50,000 would be paid in gold pursuant to a separate "sale" contract. The deal was made on May 15, 1981, at which time Boyles and Wagner advanced $10,000 to Bonanza. On May 21, 1981, Boyles and Wagner delivered to Bonanza a letter of intent which stated that appropriate documents would be executed by Bonanza, "the contents of [which] have already been agreed upon."

Wagner then went to Smith and asked him to prepare the appropriate loan documents. The record reflects conflicting testimony about whether Smith believed there was a separate bona fide agreement for the purchase of gold, or whether he realized that the gold payments would represent additional interest. In any event, Bonanza regarded the gold as additional interest. Wagner paid Smith $200 for preparing the documents.

Bonanza paid off most or all of its debt to Boyles and Wagner, then sued them for violating the state usury statutes, AS 45.-45.010–.030. The superior court entered judgment in the amount of $197,804.55 in favor of Bonanza. The court found that the parties in that case contemplated interest of approximately 60%. The court found that two documents were prepared by Smith to effectuate the transaction: the first was a promissory note for $100,000 plus interest at 20% per annum; the second was a "Contract for Purchase of Gold," which the court found to be a "sham."

Richard H. Foley, Jr. and R.R. DeYoung, Wade & DeYoung, Anchorage, for appellants.

Dennis M. Bump, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

### OPINION

**PER CURIAM.**

Vernon Boyles and Paul Wagner loaned money to Bonanza Mining Company. Bonanza subsequently won a judgment of $197,804.55 against Boyles and Wagner on the ground that the loan was usurious under state law.

Boyles and Wagner then sued Marlin Smith, the attorney who prepared their loan documents, for malpractice. Smith defended by claiming that the documents he prepared were not usurious on their face,

Finally, the court found that Bonanza ultimately paid $71,467.34 for the use of $100,000 over a nine month period. The court believed the maximum legal rate of interest during the relevant period was 18%, pursuant to AS 45.45.010(b). The court concluded that the interest collected by Boyles and Wagner, which was at a rate in excess of 18%, was usurious.

Boyles and Wagner satisfied the judgment and appealed to this court. We affirmed the superior court's decision. *Wagner & Boyles v. Bonanza Mining Co.*, Memorandum Opinion and Judgment No. 257 (Alaska, August 21, 1985).

Meanwhile, Boyles and Wagner filed the present suit against Smith, alleging that Smith's negligence was the "sole and proximate cause for the agreements being found usurious and the resulting judgment." Both parties filed motions for summary judgment, which were denied by the superior court.

The case was tried before a jury in November of 1986. The jury returned a special verdict in favor of Smith which read, in part, as follows:

Question 1: Is it more likely than not that the defendant was negligent? Answer: No.

Question 2: Is it more likely than not that the defendant's negligence, if any, was the legal cause of the plaintiffs' loss? Answer: No.

Boyles and Wagner moved for a new trial. The court denied the motion and issued final judgment in favor of Smith.

Boyles and Wagner appeal thirteen different points.

## II.

■ A. Boyles and Wagner argue that since there were no genuine issues of material fact, they were entitled to summary judgment. We disagree. The entire case revolves around factual issues, such as whether Boyles and Wagner revealed to Smith that the gold purchase contract was disguised interest, whether Smith had a duty to inquire about the true nature of the transaction, and whether Smith's negligence, if any, caused Boyles and Wagner's damages.

■ Boyles and Wagner contend that it is immaterial how much information they conveyed to Smith about the gold purchase contract, since the promissory note was usurious on its face under state law. This is incorrect. At the time of the transaction between Bonanza and Boyles and Wagner, state law provided:

No interest may be charged by express agreement of the parties in a contract or loan commitment ... which is more than five percentage points above the annual rate charged member banks for advances by the 12th Federal Reserve District that prevailed on the 25th day of the month preceding the commencement of the calendar quarter during which the contract or loan commitment is made. A contract or loan commitment in which the principal amount exceeds $100,000 is exempt from the limitation of this subsection.

AS 45.45.010(b) (prior to amendment by ch. 94, § 1, S.L.A. 1981 (eff. July 27, 1981)). Under this statute, the superior court found the maximum legal rate for loans up to and including $100,000 in May of 1981 was 18%.

However, federal law provides:

Interest on business and agricultural loans of $1,000 or more

(a) Discount rate on ninety-day commercial paper

If the applicable rate prescribed in this section exceeds the rate a person would be permitted to charge in the absence of this section, such person may in the case of a business or agricultural loan in the amount of $1,000 or more, *notwithstanding any State constitution or statute which is hereby preempted* for the purposes of this section, take, receive, reserve, and charge on any such loan, interest at a rate of not more than 5 per centum in excess of the discount rate, including any surcharge thereon, on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where the person is located.

12 U.S.C. § 86a (1982) (emphasis added). This federal statute preempts AS 45.45.-010(b) for purposes of the Bonanza loan.[1] Trial evidence showed that under this federal statute, the maximum interest rate at the time of the loan was 23%. Since the promissory note was at a 20% interest rate, it was not usurious on its face.

B. Boyles and Wagner argue that federal law is immaterial to Smith's liability. We disagree. The question in this case is whether Smith was negligent. The jury was much more likely to find him negligent if the promissory note he prepared is usurious on its face, which is the case under AS 45.45.010(b), than if it is not usurious on its face, which is the case under federal law. Thus, federal law is material.

C. Boyles and Wagner argue that jury instructions 18, 19 and 20 were improper and prejudicial. Those instructions state in part: "In determining whether or not MARLIN SMITH was negligent, you may have to determine whether the transaction between the plaintiffs and Bonanza Mining Co. was usurious." Boyles and Wagner argued that the jury should have been prohibited from determining whether the transaction was usurious since that question was already decided in the *Bonanza Mining Co.* case. We examine this argument in the collateral estoppel section of this opinion.

■ Boyles and Wagner also argue that jury instruction 18 inaccurately stated that one of the elements of a usurious transaction is "an intention to violate the usury prohibition." In a one-sentence argument, Boyles and Wagner claim that this instruction was erroneous since "Alaska case law presumes the element of intent whenever an illegal transaction is made," citing *Fikes v. First Federal Savings & Loan Associa-*

*tion of Anchorage,* 533 P.2d 251 (Alaska 1975).

Boyles and Wagner mischaracterize the *Fikes* opinion. In *Fikes,* we identified one of the elements of state-law usury as "an intention to violate the usury prohibition." *Id.* at 263 (footnote omitted). These precise words were used in jury instruction 18. We further stated that "an intention to violate the usury law will be presumed when the loan agreement unequivocally calls for an impermissible rate of return on the indebtedness." *Id.* (footnote omitted). Since the loan agreement in the present case did *not* unequivocally call for an impermissible rate of return, no intent could be presumed under state law.[2]

■ D. The trial court allowed Smith to present evidence that Winston Burbank, the attorney representing Wagner and Boyles in the *Bonanza Mining Co.* suit, was negligent by failing to address 12 U.S.C. § 86a in the *Bonanza Mining Co.* case. Smith presented this evidence to negate the causal connection between Smith's negligence, if any, and Boyles and Wagner's loss. Boyles and Wagner argue that evidence of Burbank's negligence is immaterial to Smith's liability and should have been excluded.

We need not evaluate Boyles and Wagner's argument because the superior court's error, if any, would have been harmless. The jury returned a special verdict explicitly stating that (1) Smith was not negligent and (2) Smith's conduct was not the cause of Boyles and Wagner's injuries. Since the finding of non-negligence was sufficient to sustain the verdict, any error relating to the *cause* of Boyles and Wagner's loss would not have affected the outcome.

■ E. Boyles and Wagner argue that the trial court erred in holding that collat-

---

1. We inadvertently did not incorporate 12 U.S.C. § 86a into our memorandum opinion in *Bonanza Mining Co.* However, even if we had, neither the reasoning nor the result would have been different. The superior court's decision, which we affirmed, was based on a finding of over $71,000 in interest paid on a $100,000 loan for a nine-month period. This rate was far in excess of 18% and 23%.

2. As for federal law, Boyles and Wagner do not argue whether intent is an element of usury under 12 U.S.C. § 86a, and when or whether it can be presumed. Thus, we do not address this issue.

eral estoppel did not preclude Smith from relitigating the usury issue. We disagree.

We previously stated: "[C]ollateral estoppel will preclude from litigation any issues actually adjudicated in the previous action involving the same parties or their privies." *Drickersen v. Drickersen,* 546 P.2d 162, 170 (Alaska 1976) (footnote omitted).

While Smith was not a party in the *Bonanza Mining Co.* case, we must determine whether he was in privity with Boyles and Wagner. We examined the contours of privity in *Pennington v. Snow,* 471 P.2d 370, 375–76 (Alaska 1970), stating:

> [T]he existence of privity must depend upon a finding that the first action provided substantial protection of the rights and interests of the non-party.... Accordingly, before privity may be found to exist, the non-party must have notice and an opportunity to be heard; the procedure must insure the protection of the rights and interests of the non-party, and he must in fact be adequately represented by the parties. The extent to which the interests of the non-party are identical to those of the parties of the action provides a gauge for the determination of the adequacy of representation.

In the present case, these factors militate against a finding of privity. There is no indication that any procedures were undertaken to protect Smith's rights and interests, or that in fact he was adequately represented. To the contrary, Smith testified both at a deposition and at trial in *Bonanza Mining Co.* that he had been assured by Burbank, Boyles and Wagner's attorney in that litigation, that Boyles and Wagner would not sue Smith under any circumstance.[3] Therefore, Smith had little interest in determinations made in the *Bonanza Mining Co.* litigation.

Furthermore, Smith's interests can scarcely be regarded as identical to those of Boyles and Wagner. A jury could find Smith non-negligent even though the *Bonanza Mining Co.* jury found Boyles and Wagner liable for usury.

Under these circumstances, Smith was not in privity with Boyles and Wagner in the *Bonanza Mining Co.* litigation and therefore is not collaterally estopped from litigating issues decided in that case.

F. Boyles and Wagner briefly argue that jury instruction 15 was erroneous because it did not describe their specific theories of Smith's negligence with particularity. Boyles and Wagner submitted a proposed instruction that described their theories with considerable particularity. The court found the proposed instruction "one-sided" and deleted the specific allegations. The instruction, as then used by the court, stated in part: "They seek damages from the defendant for their claimed loss. Specifically, the plaintiffs claim the defendant was negligent in performing the professional services of an attorney."

Boyles and Wagner argue that instruction 15 could have been more specific, and its brevity was prejudicial. However, they offer only a single sentence stating why the shorter instruction was erroneous: it was "prejudicial because the jury was unable to contemplate each specific allegation of negligence and corresponding duty." They do not elaborate on why the jury would have been unable to contemplate the allegation of negligence. We do not address Boyles and Wagner's argument on the ground that they gave it only cursory treatment in their brief. *See Aspen Exploration Corp. v. Sheffield,* 739 P.2d 150, 156 (Alaska 1987).

■ G. Boyles and Wagner argue that the trial court erred in denying their motion for a new trial.

This court will reverse a denial of a motion for a new trial where "the evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust." *Sloan v. Atlantic Richfield Co.,*

---

**3.** However, at trial in the present case, Wagner testified that he never promised Smith he would not sue him.

541 P.2d 717, 724 (Alaska 1975) (citation omitted).

Smith testified at trial that he thought the gold purchase contract was a separate transaction, unrelated to interest on the promissory note. This evidence was contradicted by Wagner, who testified that he told Smith he was not actually going to pay anything for the gold. The jury, which is empowered to evaluate the credibility of the various witnesses, may have believed Smith's version. This could reasonably lead to the conclusion that Boyles and Wagner failed to prove Smith was negligent in preparing documents or failing to give advice about the transaction. The evidence supporting the verdict was not so slight or unconvincing that the verdict was "plainly unreasonable and unjust."

H. Boyles and Wagner also argue that the verdict was based on the jury's passion and prejudice against Wagner. They claim that Smith's counsel presented Wagner as a "bad guy."

At trial, Smith's attorney presented evidence in an attempt to impeach Wagner. Since Smith's attorney evidently confined his efforts to admissible evidence, his attempts were proper.[4]

AFFIRMED.

4. Boyles and Wagner do not appeal questions of     admissibility of specific pieces of evidence.